Arthur H. COURSHON and Washington Federal Savings and Loan Association of Miami Beach, Plaintiffs,

v.

The FEDERAL TRADE COMMISSION et al., Defendants.

Civ. A. No. 76–2308.

United States District Court, District of Columbia.

Jan. 28, 1977.

Lloyd Symington, Washington, D.C., for Arthur H. Courshon.

Harding deC. Williams, National Savings & Loan Ass'n, Washington, D.C., for Wash. Fed. S. & L. Ass'n of Miami Beach, plaintiffs.

David M. Fitzgerald, F. T. C., Washington, D.C., for defendants.

MEMORANDUM AND ORDER

BRYANT, District Judge.

On May 17, 1976, the Federal Trade Commission issued a complaint against Perpetual Federal Savings & Loan Association in which it alleges that Perpetual is violating section 5 of the Federal Trade Commission Act by sharing common directors with competing banks in the Washington, D. C. area. The issue the complaint raises is a novel one, since interlocking directorships be-

tween banks and savings and loans have apparently existed without challenge for years. Moreover, the complaint itself is unusual in that the Commission named only Perpetual itself as respondent, whereas in interlocking directorate cases concerning other industries it has generally proceeded against the individual directors involved as well.

On August 23, 1976, the Commission had published in the Federal Register a "Statement of Policy" with respect to interlocking directorates between banks and savings and loans in order to "avoid misunderstanding in the legal and business communities concerning the susceptibility of individual directors to Commission process in interlock cases." 41 Fed.Reg. 35573 (1976). Thus, according to the statement, "after January 1, 1977, savings and loan association directors will be charged individually in complaints which may from time to time issue challenging allegedly unlawful interlocks of this nature which it has reason to believe remain in existence after that date." *Id.* at 35574. The statement purports to have no legal effect: "This statement is not a rule or regulation . . . . [T]he Commission has made no determination on the merits that Perpetual or any other person or corporation has actually violated the law by maintaining interlocking director relationships between a savings and loan association and a bank." *Id.* at 35573.

The plaintiffs in this action, Arthur Courshon and Washington Federal Savings and Loan Association of Miami Beach, contend that the Commission's "Statement of Policy" is intended to achieve "expected conformity"—that is, to induce those who are directors of both banks and savings and loans to resign from one or the other position by January 1, 1977. They regard the policy statement as a "rule" promulgated without regard for the requirements of the Administrative Procedure Act, 5 U.S.C. § 553, and they seek a judgment declaring that the so-called "rule" is without legal effect; that the affected directors have no present obligation to resign from either of their directorships; and that they incur no legal liability until such time as they should fail to comply with a cease and desist order

duly issued by the Commission and upheld in the process of judicial review. Additionally, they seek a preliminary injunction restraining the Commission "from enforcing the policy statement or otherwise making it effective" before the completion of either a valid rule-making proceeding or final adjudication in the *Perpetual* case. In support of plaintiff's motion the National Savings & Loan League has filed an *amicus* brief in which it reiterates plaintiffs' essential concern that persons serving as directors of both savings and loans and banks believe that, as of January 1, 1977, they are violating the law and will likely resign from their positions with the savings and loans institutions.

In opposing plaintiffs' motion for a preliminary injunction, which is now before this court, the Commission has proceeded on the assumption that plaintiffs desire more than an order prohibiting mere reliance on or enforcement of the policy statement; that plaintiffs are in fact asking the court to enjoin the Commission from issuing a complaint against them until *Perpetual* is resolved or a valid rule-making proceeding completed. The Commission appears to be mistaken. In plaintiffs' reply memorandum at page 4 they concede the Commission's "right to bring proceedings against any individuals, including plaintiffs, who allegedly have violated provisions of the Federal Trade Commission Act." Rather than dispute the Commission's right to establish a rule through the adjudicatory process, plaintiffs say they "seek only to enjoin reliance on the Statement of Policy by the Commission in order to force resignations which may ultimately—in the *Perpetual* case—be found to be not required . . ."

The issues this court must consider are thus most unusual. For plaintiffs ask the court to enjoin the Commission from relying on or enforcing a statement of policy which the Commission concedes is without any legal effect whatsoever and which, therefore, the Commission lacks the power to enforce. Since the Commission cannot in any legal sense "rely on" the statement either in *Perpetual* or in any other adjudicatory proceeding, the only means the court can perceive by which it could provide

plaintiffs the relief they seek in this motion would be to require the Commission to retract the statement. This the Commission does not wish to do. Nor can the court conceive of any reason why it should have to.

The court is persuaded that judicial review of the Commission's policy statement is inappropriate at this time; that the jurisdictional requirements of section 704 of the Administrative Procedure Act, 5 U.S.C. § 704, have not been satisfied. Unlike *Abbott Laboratories v. Gardner*, 387 U.S. 136, 87 S.Ct. 1507, 18 L.Ed.2d 681 (1967), this is not a case "in which the impact of the regulations upon the petitioners is . . . direct and immediate . . . ." *Id.* at 152, 87 S.Ct. at 1517. The policy statement does not, like the regulations at issue in *Abbott*, "purport to give an authoritative interpretation of a statutory provision that has a direct effect on the day-to-day business" of plaintiffs. *Id.* On the contrary, the statement simply informs the plaintiffs of the Commission's belief that interlocks of this sort may be unlawful—something plaintiffs could infer from the Commission's decision to proceed against Perpetual—and of the Commission's intention to name individual directors in complaints issued after January 1—something plaintiffs concede the Commission has the right to do in any event. Moreover, the policy statement *itself* does not place plaintiffs in a quandary they would not otherwise be in. Plaintiff's concede the Commission's right to issue complaints against them; thus they face the possibility that they will be put to the defense of a lawsuit whether or not the policy statement continues to exist. And the Commission concedes the policy statement does not create a present obligation to resign. In any event, the possibility that plaintiffs may face an administrative complaint, prospective in application and subject to judicial review, is not the sort of threat contemplated in *Abbott* and its sister cases, *Toilet Goods Ass'n v. Gardner*, 387 U.S. 158, 87 S.Ct. 1520, 18 L.Ed.2d 697 (1967), and *Gardner v. Toilet Goods Ass'n*, 387 U.S. 167, 87 S.Ct. 1526, 18 L.Ed.2d 704 (1967). Finally, since the Commission has the right to develop a rule through the adjudicatory process, *see NLRB v. Bell Aerospace Co.*, 416 U.S. 267, 94 S.Ct. 1757, 40 L.Ed.2d 134 (1974); *NLRB v. Wyman-Gordon Co.*, 394 U.S. 759, 89 S.Ct. 1426, 22 L.Ed.2d 709 (1969); and *SEC v. Chenery*, 332 U.S. 194, 67 S.Ct. 1575, 91 L.Ed. 1995 (1947), and since the Commission has expressed its belief that interlocks of this nature may be illegal in some circumstances but legal in others, *see* Defendant's Memorandum in Opposition to Motion for Preliminary Injunction at 8n. 7, the court concludes it is most sensible to permit the adjudicatory process to run its course before examining the Commission's policy.

Finding the policy statement inappropriate for review at this time, the court must deny plaintiff's motion for a preliminary injunction. Moreover, in view of the Commission's concessions that the policy statement is not a rule and that plaintiffs are under no present obligation to resign from either of their directorships, no case or controversy exists concerning matters raised in plaintiffs' application for declaratory relief. Accordingly, this action must be dismissed.

It is so ordered.